2013 BNH 001        Note: This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:

Bruno Grenier &
Kristen Grenier,
       Debtors

Bk. No. 12-11228-JMD
Chapter 7

Olga L. Gordon, Chapter 7
Trustee for the Estate of
the Debtors,
       Plaintiff

v.

Bank of America, N.A.,
Successor by Merger to BAC
Home Loans Servicing LP
f/k/a Countrywide Home Loans
Servicing LP, Mortgage
Electronic Registration Systems, Inc.,
and Bruno Grenier & Kristen Grenier,
       Defendants

Adv. No. 12-01061-LHK

**MEMORANDUM OPINION AND RECOMMENDATION
ON CERTIFICATION OF QUESTIONS OF LAW
TO NEW HAMPSHIRE SUPREME COURT**

## I. INTRODUCTION

This court has authority to exercise jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334, 157(a), and United States District Court for the District of New Hampshire

Local Rule 77.4(a) "Delegated Jurisdiction." This is a core proceeding in accordance with 28 U.S.C. § 157(b).

Before the court is the plaintiff chapter 7 trustee's motion for summary judgment. This motion seeks to avoid the mortgage of Bank of America and preserve its value for the benefit of the creditors of the bankruptcy estate. The defendants Bank of America and the debtors, Bruno and Kristen Grenier, both oppose the trustee's motion. The central legal question is whether the mortgage was properly recorded. The answer to this question, in turn, hinges on whether the certificate of acknowledgment met the requirements of N.H. Rev. Stat. Ann. section 477 because it failed to contain the names of the parties acknowledging the mortgage. As these questions have not been answered by the state courts of New Hampshire, this court is reluctant to predict how the state's highest court would rule if faced with the issue. Further, because the answer to these questions will impact borrowers and lenders beyond the parties to the proceeding, this court recommends that the District Court certify questions of law pursuant to New Hampshire Supreme Court Rule 34.

## II. FACTS

The facts are undisputed. The debtors filed a petition for relief under chapter 7 of the United States Bankruptcy Code on April 4, 2012. Their bankruptcy schedules show real property located at 238B South Stark Highway, Weare, New Hampshire. Among the various liens on this property is the mortgage given originally to America's Wholesale Lender. This mortgage was executed on April 10, 2006, with Mortgage Electronic Registration Systems acting as nominee. Appended to the mortgage was an acknowledgment, which reads:

State of New Hampshire

(County) of

"This instrument was acknowledged before me on [Date unreadable] by _____."
Notably, there is an unfilled space on the acknowledgment where the names of the acknowledging mortgagors should be. Underneath this line follows the signature of the notary, his title, seal, and date of his commission's expiration. Postpetition, on May 16, 2012, the mortgage was assigned to defendant Bank of America.

On June 6, 2012, the trustee filed the two count complaint that initiated this adversary proceeding, naming the debtors, Bank of America, and Mortgage Electronic Registration Systems as defendants. As amended, the complaint seeks in Count I a determination that the trustee may avoid the mortgage because a defective certificate of acknowledgment prevented the mortgage from being recorded effectively. In Count II, the trustee seeks to preserve the value of the mortgage for the benefit of the bankruptcy estate.

The trustee has requested summary judgment on both counts.[1] The trustee asserts that because the mortgage was recorded with an incomplete certificate of acknowledgment—omitting the names of the mortgagors—the mortgage was recorded improperly. Consequently, the trustee argues, as a lien creditor, she may avoid the mortgage under 11 U.S.C. § 544.

The defendants counter that New Hampshire law does not require explicitly that an acknowledgment recite the names of mortgagors. According to the defendants, both the acknowledgment and mortgage were sufficient legally and recorded properly. In the alternative, the defendants argue that even if the certificate of acknowledgment is technically deficient, the notary

---

[1] The arguments of the parties presented here are those relevant to certification

public who completed the certificate complied substantially with the statutory requirements, insofar as the acknowledgment was executed and attached to the mortgage. That is, the proximity of the partially-executed certificate to the mortgage makes clear that the individuals who acknowledged the mortgage were in fact the debtor-mortgagors.

### III. DISCUSSION

New Hampshire law requires that "every deed or other conveyance of real estate shall be signed by the party granting the same and acknowledged by the grantor before a justice, notary public or commissioner." N.H. Rev. Stat. Ann. § 477:3. Indeed, the requirement for a mortgagor to acknowledge a deed is essential to the validity of the conveyance: "No deed of bargain and sale, mortgage nor other conveyance of real estate . . . shall be valid to hold the same against any person but the grantor and his heirs only, unless such deed or lease be acknowledged and recorded, according to the provisions of this chapter." Id. § 477:7. Section 477 includes no further, relevant details regarding the procedure or substance of acknowledgments of conveyances of real estate.

The Uniform Law on Notarial Acts governs the form of the acknowledgment. A notarial act is defined as "any act that a notary public is authorized to perform, and includes taking an acknowledgment." N.H. Rev. Stat. Ann. § 456-B:1(I). In turn, an "acknowledgment" is a "declaration by a person that the person has executed an instrument for the purposes stated therein." Id. at (II).

The process by which a notary takes an acknowledgment is set out in the next section of the statute. This section provides that "in taking an acknowledgment, the notarial officer must determine, either from personal knowledge or from satisfactory evidence, that the person appearing

before the officer and making the acknowledgment is the person whose true signature is on the instrument." Id. § 456-B:2(I).

The statute requires an acknowledgment—which is a verbal act— to be evidenced by a "certificate of notarial act."[2] This is the document which must be appended to the mortgage deed. The certificate must meet the requirements of both sections 456-B:7(I) and (II). Section 456-B:7(I) lays out the general requirement for the certificate and provides that the notary must sign, date, seal, and include his title of office on the certificate.

The requirements of section 456-B:7(II) are the heart of this dispute. In full this section reads:

> A certificate of a notarial act is sufficient if it meets the requirements of paragraph I and it:
>
> (a) Is in the short form set forth in RSA 456-B:8;
> (b) Is in a form otherwise prescribed by the law of this state;
> (c) Is in a form prescribed by the laws or regulations applicable in the place in which the notarial act was performed; or
> (d) Sets forth the actions of the notarial officer and those are sufficient to meet the requirements of the designated notarial act.

---

[2] Section 456-B:7 applies here because the taking of an acknowledgment by a notary is defined as a "notarial act." See § 456-B:1(I), supra at 4

It is undisputed that the certificate of acknowledgment is not in the short form referred to in subsection (a).³ Subsections (b) and (c) are not applicable here because there are no other laws or regulations applicable under these facts. Thus subsection (d) is the linchpin.

Subsection (d) contains two requirements: First, the certificate must set forth the actions of the notary; and, second, the acts which are set down must be sufficient to meet the requirements of the designated notarial act. Here, the certificate shows the actions taken by the notary. On a certain date, in the State of New Hampshire, he took the acknowledgment of a party or parties without identifying them in the certificate. The second requirement—the taking of an acknowledgment—is defined by statute and is itself a twofold process: 1) the notary hears the declaration by a person that the person has executed an instrument for the purposes stated therein and 2) the notary determines that the person so declaring is the same person who executed the instrument. §§ 456-B:1(II) & 456-B:2(I). Additionally, section 456-B:7(III) provides that "by executing a certificate of a notarial act, the notarial officer certifies that the officer has made the determinations required by RSA 456-B:2." Thus, compliance with the statute allows one to presume that the notary has determined the identity of the party who executed an instrument with the party who acknowledged the instrument.

---

³ Had the names of the acknowledging individuals been included, the short form would have been observed. The short form of § 456-B:8 is as follows:

I. For an acknowledgment in an individual capacity
State of _____
(County) of _____
This instrument was acknowledged before me on (date) by (name(s) of person(s))
_____
(Signature of notarial officer)
(Seal, if any)

_____
Title (and Rank)
[My commission expires _____]

It is unclear whether the certificate of acknowledgment meets the requirements of 456-B:7. Because there is no controlling legal authority on point from the state courts, this court must arrive at its own conclusions in the face of the following uncertainties:

1. Although section 456-B:7 does not require explicitly the names of the mortgagors to be included in the certificate, subsection 7(II)(d) of that section requires the notary to "set down his actions." The notary failed to set down who acknowledged the mortgage. Thus, the actions of the notary are not fully in the record. It is unclear whether this failure is a fatal defect under the statute.

2. Section 456-B:7(II) specifies four "sufficient" formats for a certificate of notarial act. It is unclear whether "sufficient" in the statute means "sufficient and necessary," and the notary must adhere to one of these formats, or whether some other form not enumerated specifically—like the certificate in this case—might satisfy the statutory requirements.

3. Finally, it is unclear whether the certificate of acknowledgment must stand on its own i.e. must be complete on its face, or whether the mortgage can be used to interpret the certificate and be used to deduce who acknowledged the deed.

Given these uncertainties, this court recommends that the District Court certify questions of law to the New Hampshire Supreme Court for review.[4]

New Hampshire Supreme Court Rule 34 provides that a United States district court may certify questions of law to the New Hampshire Supreme Court when (a) there is no controlling

---

[4] While this court takes notice of the fact that other federal courts have decided whether the omission of the acknowledging mortgagors is a material defect in a certificate of acknowledgment, this court finds that certification to the New Hampshire Supreme Court is the prudent course of action in the circumstances at hand. See In re Giroux, No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass. 2009).

precedent and (b) answering the questions for certification would determine the outcome of the proceeding.[5]  See In re Engage, 544 F.3d 50, 52-53 (1st Cir. 2008) (discussing the certification of questions of law under Massachusetts Supreme Judicial Court Rule 1:03, which is identical in substance to Rule 34).  Both of these requirements have been met.

In addition to satisfying New Hampshire procedural rules, the certification of a question must be appropriate under federal law.[6]  A federal court may certify questions to the state's highest court sua sponte.  Because none of the parties have moved for certification, this court suggests that the District Court order certification.  In re Hundley, 603 F.3d 95, 98 (1st Cir. 2010).  Certification is appropriate if the questions to be certified meet three criteria: first, the outcome of a proceeding must be determined wholly by the questions presented; second, those questions must be likely to recur; and third, certification would allow the state's highest court to determine a significant policy question under state law. In re Hundley, 603 F.3d at 98; In re Engage, 544 F.3d at 53.  These three criteria are met. Given the current real estate market and volume of residential real estate foreclosures, a decision of this court, unguided by the highest court of New Hampshire, could precipitate litigation among other parties that may be avoided with a high court ruling.  In short, the answers to the questions

---

[5] The relevant part of Rule 34 reads

This court may answer questions of law certified to it by the Supreme Court of the United States, a court of appeals of the United States, or of the District of Columbia, or a United States district court when requested by the certifying court if there are involved in any proceeding before it questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court

This rule may be invoked by an order of any of the courts referred to above upon that court's own motion or upon the motion in that court of any part to the cause

[6] The bankruptcy court may be authorized to certify questions on its own given its authorization to exercise the bankruptcy jurisdiction of the District Court  This court has recommended certification to the District Court out of an abundance of caution on account of the precise language contained in Rule 34

8

raised in this case have implications that go beyond the parties.  See In re Engage, 544 F.3d at 57; Boston Gas Co. v. Century Indem. Co., 529 F.3d 8, 15 (1st Cir. 2008).

For all the foregoing reasons, the court recommends that the District Court certify the following questions of law to the New Hampshire Supreme Court:

1. Under New Hampshire law is a mortgage recorded validly if the certificate evidencing the acknowledgment of the deed—although signed, sealed, and dated by a notary public—does not recite the party who acknowledged the signature on the deed?

   a) Does such a certificate satisfy the requirement of N.H. Rev. Stat. Ann. section 456-B:7(II) for the notary to set forth actions sufficient to meet the requirements for taking an acknowledgment?

   b) If not, is such a certificate nonetheless sufficient to meet the requirements of section 456-B:7 as a whole?

2. Must the certificate of acknowledgment be sufficient standing alone, or can the mortgage document annexed to the certificate be used to identify the acknowledging parties?

The New Hampshire Supreme Court is free to reformulate these questions as it deems prudent.

## IV. CONCLUSION

Based on the forgoing, this court recommends that the District Court certify the above questions to the Supreme Court of the State of New Hampshire, consistent with Supreme Court Rule 34.  No further notice or hearing on certification should be required in the District Court because the parties have had an opportunity to be heard on the propriety of certification in the bankruptcy court.

Dated: January 24, 2013                             /s/  Louis H. Kornreich
                                                    Louis H. Kornreich
                                                    Bankruptcy Judge
                                                    Sitting by designation